UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| ELAINE D. ELLIOTT, | ) | No. ED CV 05-00833-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR").  The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    Plaintiff's first contention is that the Administrative Law Judge

("ALJ") failed to accord proper weight to the opinion concerning disability rendered by her treating psychiatrist, Dr. Eklund. In her third issue, Plaintiff asserts, generally, that the ALJ did not properly assess her mental condition. Plaintiff asserts that the ALJ failed to properly consider Dr. Eklund's opinion (Issue 1) and Dr. Brooks' assessment (Issue 2).

In a "Medical Report" signed by Dr. Eklund on August 26, 2004, he checked off a box signaling his opinion that Plaintiff was temporarily disabled from August 26, 2004 for a one-year period, and that she could perform no work. (AR 264.) In his decision, the ALJ found Dr. Eklund's opinion to be "premature and is given little weight as he completed the form at the initiation of his relationship with the [Plaintiff]. At that time, the subjective history provided by the [Plaintiff] appears to have been the basis for his findings." (AR 16.)

Plaintiff asserts that at the time she commenced treatment with Dr. Eklund on July 29, 2004 (AR 273), she had been seen by the San Bernardino County Department of Behavior Health ("SBCDBH") starting 11 months earlier, on August 29, 2003. Plaintiff argues that Dr. Eklund was entitled to render an opinion based, in part, on treatment notes from his colleagues within the same facility. Plaintiff also argues that Dr. Eklund's opinion was not based on Plaintiff's subjective complaints.

The ALJ's citation of Dr. Eklund's brief treatment history with Plaintiff (in fact, one month) at the time Dr. Eklund rendered his disability opinion is a relevant factor in the amount of weight to be accorded a treating physician. Pursuant to 20 C.F.R. §404.1527(2)(i), "... the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give

to the source's medical opinion." See also 20 C.F.R. §416.927(d)(2)(I)(2005).

In addition to the recency of Dr. Eklund's treatment, the ALJ made his determination regarding Plaintiff's mental condition after considering other reports in the file. (AR 15.) These included a report following a complete psychiatric evaluation, at the request of the Department of Social Services, performed on June 30, 2003, by Dr. Fontana (AR 191-195), and the opinion of the State Agency reviewing physician (AR 200-213.) Based upon his examination, Dr. Fontana concluded that Plaintiff should be able to perform simple and repetitive tasks, as well as detailed and complex tasks, and he also rendered an opinion as to her ability to interact with supervisors, co-workers and the public, perform work activities on a consistent basis, and maintain regular attendance in the workplace. (AR 194.) Clearly, this opinion was at odds with that of Dr. Eklund. When an examining physician bases a conclusion on independent clinical findings, that opinion may constitute substantial evidence which can be relied upon by an ALJ. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Thus, both the absence of any apparent clinical testing by Dr. Eklund at the time he rendered his disability opinion,[1] combined with the recency of his treatment of Plaintiff, and the existence of a contrary opinion based on independent clinical evidence, form sufficient and adequate reason for the ALJ to have rejected Dr. Eklund's opinion. Insofar as Plaintiff's third issue is concerned, the medical evidence fails to establish that she suffers from an

---

[1] In any event, opinions as to ultimate disability are reserved to the Commissioner, not to treating or examining sources.

impairment of the requisite durational length.  See Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1459 (9th Cir. 1995).  Further, as noted, the evidence indicated that Plaintiff responded well to treatment, and did not manifest the requisite indicia of a severe mental impairment. (See AR at 269, 276.)

In Issue No. 2, Plaintiff next contends that the ALJ did not properly consider the psychiatric assessment of the treating psychiatrist, Dr. Brooks.  Dr. Brooks, a psychiatrist associated with the SBCDBH, completed a diagnostic form on August 29, 2003, noting on Axis I that Plaintiff suffers from bipolar I disorder, and that she has a Global Assessment of Function ("GAF") score of 35. (AR 231.) Plaintiff complains that the ALJ failed to assess this GAF rating, although he did discuss a higher GAF rating of 65 as determined by consultative psychiatrist Dr. Fontana. (AR 15.)

The diagnostic notes completed by Dr. Brooks appear to be part of an intake form completed on August 29, 2003, the date Plaintiff first appeared at the SBCDBH. (AR 226-231.)  Further, other than what would appear to be a brief mental status exam (AR 230), there is no indication of any further clinical examination, and much of the intake notes reflect Plaintiff's subjective statements.  For this reason alone, the same observations made by the Court with regard to Dr. Eklund, that is, that the length of treatment by a physician is a relevant factor in the weight to be accorded to that physician's opinion, would also apply to Dr. Brooks, who apparently made these notes after and as a result of an intake interview.

Further, while plaintiffs in Social Security appeals often raise the issue of GAF scores, their relevance to a disability finding is somewhat peripheral.  According to the American Psychiatric

4

1  Association, Diagnostic and Statistical Manual of Mental Disorders (4th
2  Edition)(DSM-IV), at p. 32, the GAF scale is primarily intended for
3  use in making treatment decisions.  Determination of a person's
4  residual functional capacity ("RFC") does not require consideration of
5  a GAF score.  See Howard v. Commissioner of Social Security, 276 F.3d
6  235, 241 (6th Cir. 2002).

7  For the foregoing reasons, the Court finds no merit in
8  Plaintiff's second issue.

9  For the foregoing reasons, the Commissioner's decision will be
10 affirmed, and Judgment will be entered dismissing the Complaint with
11 prejudice.

12 **IT IS SO ORDERED.**

14 DATED:  June 26, 2006

16                                          /s/
                                   VICTOR B. KENTON
17                                 UNITED STATES MAGISTRATE JUDGE